NURSING HOMES — REVOCATION OF LICENSES The State Commissioner of Health may look only to the requirements of state law and regulations in determining whether a nursing home license should be renewed. The State Fire Marshal may not approve or disapprove the continued operation of a nursing home facility based on the provisions of municipal ordinances, his authority being limited to the enforcement of certain state statutes and regulations. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Can the State Health Commissioner withhold or refuse to issue a renewal license to a nursing home operator because said operator fails to comply with city ordinances, or must the Commissioner look only to the requirements of the statutes and issue the license if the nursing home operator meets the requirements of state law? 2. Can the State Fire Marshal withhold his approval of such facilities because of the failure to comply with city ordinances or must the Fire Marshal consider only the requirements of the Oklahoma Statutes and issue the license if the nursing home operator meets the requirements prescribed by State law? Title 63 O.S. 1-802 [63-1-802] (1971) provides in pertinent part: "(a) No person shall establish, conduct, or maintain in the State of Oklahoma any nursing home rest home, or specialized home within the meaning of this article without first obtaining a license therefor in the manner hereinafter provided . . ." Title 63 O.S. 1-805 [63-1-805] (1971) provides: "An application for a license, or renewal thereof, to operate a nursing home, rest home or specialized home shall be accompanied by a fee of Twenty-five Dollars ($25.00) for each calendar year, or lesser amount based upon the number of months to be used if the State Commissioner of Health determines the same to be just in any particular case. No such fee shall be refunded unless licensure is refused. All licenses and renewals shall expire on the 31st day of December each year, shall be on a form prescribed by the Commissioner, shall not be transferrable or assignable, shall be posted in a conspicuous place on the licensed premises, shall be issued only for the premises named in the application, and may be renewed from year to year upon application, inspection and payment of the license fee, as in the procurement of the original license." Title 63 O.S. 1-806 [63-1-806] (1971) provides for a periodic inspection of every building, institution or establishment for which a license has been issued by a duly appointed representative of the State Commissioner of Health. Title 63 O.S. 1-807 [63-1-807] (1971) provides in pertinent part: "(a) The State Commissioner of Health shall issue and renew licenses for the operation of nursing homes, rest homes, or specialized homes which are found to comply with the provisions of this Article, and standards, rules and regulations of the State Board of Health. "(d) Effective January 1, 1968, no nursing home, rest home, or specialized home shall be licensed to operate or continue to operate unless, in addition to compliance with other current licensure requirements, the building is of one-hour fire resistant construction and approved by the Oklahoma State Health Department and the Oklahoma State Fire Marshal. If the building is not of one-hour fire resistant construction in addition to the other current licensure requirements, it must be approved by the State Health Department and the State Fire Marshal and must have an approved automatic sprinkler system, as rated by the National Fire Protection Association's standards; provided further, effective January 1, 1968, the Department of Public Welfare shall not make a vendor payment to any individual or facility on behalf of any person for medical care rendered in the form of nursing service outside such person's home, unless such individual or facility holds a current nursing home license issued by the State Commissioner of Health or other state agency authorized to issue such license." In your request for an opinion, you provide certain facts which are relevant to the review of legal authorities necessary to answer your request. Your letter reflects that the nursing home in question receives no benefits from the Department of Public Welfare or any other governmental agency and handles only private patients. Your letter further reflects that the city ordinances involved are more stringent than the State statutes in the regulation of nursing home operations. It is apparent that under the express language of the above-quoted sections, the State Commissioner of Health may look only to the requirements of state law and regulations in determining whether a nursing home license should be renewed. This conclusion is inescapable from a plain reading of the statutes. As to your second question, reference should be made to 74 O.S. 324.8 [74-324.8] (1971) which provides: "The rules and regulations promulgated pursuant to this act shall have uniform force and effect throughout the state and no municipality or subdivision shall enact or enforce any ordinances rules or regulations of lesser standards than the National Building Code of the National Board of Fire Underwriters or its successor, the American Insurance Association; except that a municipality or subdivision which requires permits for construction or major alterations of buildings and has facilities and personnel to examine plans and enforce building codes may elect to adopt, by ordinance, the Uniform Building Code of the International Conference of Building Officials; the Southern Standard Building Code or the Southern Building Code Congress; or the B.O.C.A. Basic Building Code of the Building Officials Conference of America, Inc., in lieu of the National Building Code of the National Board of Fire Underwriters; provided, nothing in this act shall prevent or take away from any city, town or county, the authority to enact and enforce rules and regulations containing higher standards and requirements than those provided herein. And provided further, that nothing in this act shall in any way impair the power of any municipality, county or subdivision to regulate the use of land by zoning, building codes or restricted fire district regulations." Your attention is also invited to 74 O.S. 324.11 [74-324.11] (1975) which provides in pertinent part: "A. No person, firm, corporation, partnership, or organization, city, town, school district, county or other subdivision of government shall commence the construction or major alteration of any building or structure to be used as a school, hospital, church, asylum, theater, meeting hall, hotel, motel, apartment house, rooming house, rest home, nursing home, day nursery, convalescent home, orphanage, auditorium, or install original equipment for the operation or maintenance thereof without obtaining a permit. Said permit, for which a charge may be made in conformity with the local ordinance, except as limited herein as to governmental agencies, shall be obtained from the city, town, or county in whose jurisdiction the construction or alteration is planned. "B. All such construction or alterations so planned shall conform to the applicable provisions of the National Building Code of the National Board of Fire Underwriters or its successor, the American Insurance Association, except that in the event any city, town or county having jurisdiction to issue such permit has adopted by ordinance one of the other building codes designated in Section 324.8 of this Title, then such construction or alteration shall conform to such other code so adopted. "C. Application for such building permit shall be made to, and such building permit shall be issued by, any city, town or county in whose jurisdiction the construction or alteration is planned. The city, town or county may require the submission of plans and specifications covering the proposed construction or alteration and may refuse to issue such permit unless the work so planned is in accordance with the applicable provisions of the city, town or county's building code. In all geographical areas wherein no such permit is required by local authorities such permit must be obtained from the Fire Marshal, who may require the submission of plans and specifications covering the proposed construction or alteration, and he shall refuse to issue such permit unless the work so planned is in accordance with the applicable provisions of said National Building Code. "D. Nothing in this Act shall be construed as repealing any ordinance of any city, town or county requiring the submission to the local authorities of plans and specifications and the obtaining of permits, but the power or authority of any such city, town or county to levy or assess any charge for such permit, or to make and enforce requirements prerequisite to the issuance of such permit, other than requiring compliance with such building code shall, as to governmental agencies, be limited as hereinafter set forth. "E. No city, town or county requested to issue any such permit to any city, town, school district, county or other subdivision of government shall charge, assess or collect any fee or other charge for such permit except the regular and customary inspection fees fixed by ordinance for inspection of the work to be done under such permit, and no other charge, fee or other conditions of any kind under the authority of this Title shall be made a condition of or prerequisite to the obtaining of such permit by any such governmental agency." It appears from a reading of the above sections that a municipality may enact and enforce stricter standards than those provided in the general law of the state. However, your question concerns whether the State Fire Marshal must consider the ordinances or regulations of municipalities in granting or withholding continued approval of nursing home facilities. Title 74 O.S. 324.4 [74-324.4] (1971) provides that the duties of the State Fire Marshal are to "administer and enforce the provisions of this act under the supervision of the commission and in accordance with its policies." Under the reasoning in response to your first question, the State Fire Marshal would not be authorized to approve or disapprove the continued operation of nursing home facilities based on the provisions of municipal ordinances, his authority being limited to the enforcement of certain state statutes and regulations. It is, therefore, the opinion of the Attorney General that your request be answered in the following manner: The State Commissioner of Health may look only to the requirements of state law and regulations in determining whether a nursing home license should be renewed. The State Fire Marshal may not approve or disapprove the continued operation of a nursing home facility based on the provisions of municipal ordinances, his authority being limited to the enforcement of certain state statutes and regulations. (Michael Cauthron)